[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: ANTE NUPTIAL AGREEMENT
By agreement of the parties, the trial was bifurcated. The court proceeded to hear the evidence relative to the validity of an antenuptial agreement executed by the plaintiff on June 8, 1985, the marriage date. Its text follows:
 "I EVA SLIWINSKI, of No. 1318 East Main Street, Town of Waterbury, County of New Haven, State of Connecticut, in anticipation of my marriage to JOHN KRAWCZYNSKI, also of No. 1318 East Main Street, in said Town and State, do agree that, in the event only of a legal separation or the dissolution of our marriage, whatever the circumstances or cause thereof, that I will not, in either such event, make any claim or counter-claim against said JOHN KRAWCZYNSKI, for any interest in any real property that is presently owned by him or make any claim for any part of the value thereof. In addition, in the event of a legal separation or the dissolution of our marriage, whatever the circumstances or cause thereof, I will not make any claim for any share in the business presently being operated by him, namely, the West End Auto Body Shop, at No. 564 West Main Street, Waterbury, Connecticut, nor will I make any claim for any part of the value thereof."
The Connecticut law governing antenuptial agreements is found in McHugh v. McHugh, 181 Conn. 482 (1980). At pages 486-487 the court stated:
 "The duty of each party to disclose the amount, character, and value of individually owned property, absent the other's independent knowledge of the same, is an essential prerequisite to a valid antenuptial agreement containing a waiver of property rights. . . . The burden is not on either party to inquire, but on each to inform, for it is only by requiring full disclosure of the amount, character, and CT Page 8501 value of the parties' respective assets that courts can ensure intelligent waiver of the statutory rights involved." (citations and interior quotation marks omitted)
and
 "Other factors that bear upon the validity of such contracts include which party drafted the agreement, by counsel or otherwise, and whether the parties were represented by counsel. 2 Lindey, op. cit. 90, p. 90-70.
The attorney scrivener who was employed by the defendant to prepare the agreement was advised by the defendant as to the proposed contents. No values were disclosed to the plaintiff by the defendant, nor was the defendant advised to disclose his opinion of the value of the real estate or of the business.
In an effort to supply valuations from independent sources, the defendant proved the plaintiff worked at his garage, prepared his sales tax returns, wrote checks for the defendant's signature, and kept the account payable folders. She was not a bookkeeper. The defendant never told her how much money he made in his business.
The defendant's real estate parcel contained a luncheonette, office space and several apartments. There was no evidence that the plaintiff was familiar with real estate values for mixed use parcels such as the defendant's. The fact that the plaintiff collected rents for several weeks while the defendant was visiting Poland gave the plaintiff no basis to infer fair market value.
The fact that the parties lived together prior to their marriage allows no inference that the plaintiff obtained valuations by osmosis.
The plaintiff is an immigrant from Poland, having entered the USA via the political asylum process in 1976. She now has a permanent green card as a resident alien. Her understanding of written English was imperfect in 1985.
The court concludes that the attorney's offer to wait while she might wish to step across the street to speak to another attorney who happened to be in his office falls short of an opportunity to consult counsel of her choice.
The court concludes that the plaintiff did not make an intelligent waiver of the statutory rights involved and the CT Page 8502 agreement is unenforceable.
Harrigan, J.